1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

DAVID DUTRA,

            Petitioner,

  v.

BEN CURRY, Warden,

            Respondent.

_____/

No. C 08-5712 MHP

**MEMORANDUM & ORDER**

**Re:  Order to Show Cause**

      Petitioner, a prisoner incarcerated at the Correctional Training Facility in Soledad, California, seeks a writ of habeas corpus pursuant to 28 U.S.C. section 2254.  Petitioner challenges the denial of parole by the Board of Parole Hearings ("Board") at his September 5, 2006, parole consideration hearing.  He alleges that he filed unsuccessful habeas petitions in state courts, including the California Supreme Court, before filing this action.  His petition is now before the court pursuant to 28 U.S.C. section 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

BACKGROUND

      Petitioner pled guilty to second degree murder for slaying his wife on December 6, 1983.  Docket No. 2 (Memorandum in Support of Petition ("Mem.")) at 1-2.  On May 15, 1985, petitioner was sentenced to 15-years-to-life in state prison.  Docket No. 1 (Petition for Writ of Habeas Corpus ("Pet.")) at 6.  Petitioner has engaged in significant vocational training, self-help programs and therapy programs while incarcerated and has a virtually unblemished disciplinary record.  *Id.* at 8-9.  Multiple California Department of Corrections ("CDC") psychologists have opined that petitioner has developed insight into his crime and poses no unreasonable danger to society.  *Id.* at 9.

1   Petitioner became eligible for parole on January 1, 1994, *id.* at 6, and has subsequently been denied

2   parole seven times, Mem. at 6-10.

3

4   LEGAL STANDARD

5       This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody

6   pursuant to the judgment of a State court only on the ground that he is in custody in violation of the

7   Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A district court shall

8   "award the writ or issue an order directing the respondent to show cause why the writ should not be

9   granted, unless it appears from the application that the applicant or person detained is not entitled

10  thereto."  *Id.* § 2243.  Summary dismissal is appropriate only where the allegations in the petition are

11  vague or conclusory, palpably incredible, or patently frivolous or false.  *Hendricks v. Vasquez*, 908

12  F.2d 490, 491 (9th Cir. 1990), *cert. denied*, 517 U.S. 1111 (1996).

13

14  DISCUSSION

15      Petitioner alleges that the decision to deny parole was not supported by "some evidence"

16  demonstrating that petitioner was currently dangerous, as required by the California Supreme Court.

17  *See In re Lawrence*, Cal. 4th 1181, 1191 (2008) ("because the core statutory determination entrusted

18  to the Board and the Governor is whether the inmate poses a current threat to public safety, the

19  standard of review properly is characterized as whether 'some evidence' supports the conclusion that

20  the inmate is unsuitable for parole because he or she currently is dangerous").

21      Petitioner also argues that the Board may not continue to rely on the facts of the commitment

22  offense to deny parole.  Firstly, petitioner's plea agreement contemplated release after ten years,

23  subject only to one condition, which petitioner has fulfilled.  Secondly, petitioner's plea agreement

24  bound the Executive Branch to support petitioner's parole so long as he remained discipline free.

25      Finally, petitioner argues that the Board's determination—that he was unsuitable for parole

26  because he needed to develop further insight into his commitment offense—lacks evidentiary

27  support.

28

United States District Court
For the Northern District of California

**United States District Court**

For the Northern District of California

1    Petitioner has set forth allegations that do not appear vague, conclusory, palpably incredible,

2 patently frivolous or false.  Accordingly, petitioner's claims require an answer from the respondent.

3

4 <u>CONCLUSION</u>

5 For the foregoing reasons,

6    (1)    Petitioner's due process claims are cognizable;

7    (2)    The clerk of this court SHALL, by certified mail,

8          (a)    serve a copy of this Order and a copy of petitioner's petition upon the

9                 Attorney General of the State of California; and,

10          (b)    serve a copy of this Order upon petitioner and petitioner's attorneys;

11    (3)    Pursuant to Habeas Local Rule 2254-6, respondent shall file an answer or other

12          pleading with this court within **sixty (60) days** of the date of this order.  This answer

13          or other pleading must conform in all respects to 28 U.S.C. section 2254, Rule 5, and

14          SHOW CAUSE why a writ of habeas corpus should not issue.  Respondent shall file

15          with the answer or other pleading a copy of all portions of the trial record that have

16          been previously transcribed and that are relevant to a determination of the issues

17          presented in the petition;

18    (4)    Pursuant to Habeas Local Rule 2254-6, petitioner shall respond to the answer or other

19          pleading by filing a traverse with the court and serving it upon respondent within

20          **ninety (90)** days after the date of this order; and

21    (5)    This matter shall be deemed submitted as of the date petitioner's traverse is due.  No

22          hearing will be held unless the court so orders at a later date.

23

24    IT IS SO ORDERED.

25 Dated: April 2, 2010    _____

26                          MARILYN HALL PATEL
                           United States District Court Judge
                           Northern District of California

27

28